Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3025 | **DATE** | 9/25/2012 |
| **CASE TITLE** | Benefitvision Inc., et al. v. Conseco Life Insurance Co. | | |

**DOCKET ENTRY TEXT:**

Defendant's motion [18] to transfer is denied.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Defendant Conseco Life Insurance Company ("Conseco") moves to transfer this case to the United States District Court for the Southern District of Indiana. Plaintiffs Benefitvision Inc. ("BV") and Ronald Kleiman ("Kleiman"), who sued Conseco for breach of contract, would prefer to keep the suit here, where they filed it.

According to the allegations in plaintiffs' complaint, Kleiman is the President of BV. BV has its principal place of business in Illinois. BV assists corporate human resources departments with respect to employee-benefit enrollment. In addition, BV offers to sell life insurance policies to its clients' employees as it is enrolling those employees in their employer's benefit plans. In 1995, plaintiffs entered an agreement with Philadelphia Life Insurance Company (of which Conseco may be the successor in interest) to sell the Philadelphia Life Universal Life Plan (now the Conseco Life Universal Life Plan). Under the agreement, Kleiman was to be paid an administrative fee of $.42 per month per policy for the life of each policy. Defendant paid the administrative fees until January 2010, when it stopped. Plaintiffs allege that defendant breached the contract.

For its part, Conseco wants the case transferred to the Southern District of Indiana, because that is where Conseco is located. Conseco argues that witnesses who work for Conseco are located in Indiana. Conseco mentions in particular one witness, Kelly Honn, who is located in Indiana.

A district court has the discretion "[f]or the convenience of parties and witnesses, in the interest of justice, [to] transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court considers three factors in determining whether to transfer the case: (1) whether venue is proper in both the transferor and transferee courts; (2) whether transfer is for the convenience of parties and witnesses; and (3) whether transfer is in the interest of justice. *Id*. It is within the sole discretion

| STATEMENT |
|---|

of the judge to determine the weight accorded to each factor. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). Generally, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re: Nat'l Presto Ind.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

     First, the parties agree that venue is proper either in the Northern District of Illinois or in the Southern District of Indiana. Next, the convenience of the parties and the witnesses does not favor transfer. The Northern District of Illinois is more convenient for plaintiffs. Kleiman lives here, and BV is headquartered here. The Southern District of Indiana is more convenient for defendant, but defendant lists only one witness for whom the Southern District is more convenient. Thus, the convenience of the parties and witnesses does not favor transfer. The interests of justice do not favor transfer, either. The case is likely to proceed at roughly the same speed either place.

     In short, the balance does not strongly favor transfer, so the plaintiff's choice of forum should not be disturbed. The Court denies defendant's motion to transfer.